*John C. Uhrlaub v. Cincinnati (City) et al.

License on Transient Dealers and Temporary Stores Invalid.

A city ordinance imposing a license fee of $300 on all temporary stores and transient dealers is invalid as it is unreasonable, unjust, prohibitive, and in restraint of trade.

[For other cases in point, see 5 Cyc. Dig., "Licenses," §§ 69-77.—Ed.]

**Kramer & Kramer,** for plaintiff:

The ordinance *on its face,* unjustly discriminates between men in the same business. *State* v. *Gardner,* 58 Ohio St. 599 [51 N. E. Rep. 136; 41 L. R. A. 689; 65 Am. St. Rep. 785].

In order that an ordinance may be sustained as an exercise of police power the exercise of this power must be reasonable and indiscriminating. *Sipe* v. *Murphy,* 49 Ohio St. 536 [31 N. E. Rep. 884; 17 L. R. A. 184]; 22 Am. & Eng. Enc. Law (2 ed.) 938m; *Lacy, Ex parte,* 108 Cal. 326 [41 Pac. Rep. 411; 38 L. R. A. 640; 49 Am. St. Rep. 93]; *Austin* v. *Murray,* 33 Mass. (16 Pick.) 121; *Lien* v. *Norman Co. (Comrs.)*

---

*Affirmed, *Cincinnati* v. *Uhrlaub,* 72 Ohio St. 667.

Hamilton County.

80 Minn. 58 [82 N. W. Rep. 1094]; *People* v. *Gillson,* 109 N. Y. 389 [17 N. E. Rep. 343; 4 Am. St. Rep. 465]; *Wheeling Bridge & T. Ry.* v. *Gilmore,* 4 Circ. Dec. 366 (8 R. 658).

It is agreed by counsel for the city and counsel for the plaintiff that the following additional facts are admitted to be true, and are to be taken as a part of the record in this case, to wit:

First. That the plaintiff in this case was a temporary and transient dealer within the meaning of the statute and ordinance in question in this case, and further, that the plaintiff brought his stock of goods from New York to the city of Cincinnati for the express purpose of opening a temporary store for the sale of the same in the city of Cincinnati, and that he did open said store for the aforesaid purpose.

Second. It is further admitted that the auctioneer engaged by the plaintiff to sell at auction the goods of the plaintiff in the store opened by the plaintiff, had paid the license fee, and had obtained a license from the city of Cincinnati to act as auctioneer, and that the city of Cincinnati required the plaintiff to take out a further license for the privilege of opening a "temporary store."

Third. That the goods which are described in the petition of the plaintiff, and which were offered for sale by the plaintiff, as described in the petition, were not in the original packages in which they had been brought from New York to the city of Cincinnati, but that said original packages were broken, and the articles contained in said original packages were taken therefrom, and offered for sale separately.

**A. H. Morrill,** for defendants:

Authority for exacting this license, ordinance No. 248, passed November 14, 1898, entitled "An ordinance to license transient dealers and persons who temporarily open stores or places for the sale of goods, wares and merchandise." Henderson's ordinances, page 138.

Authority for passing such an ordinance, Rev. Stat. 2669b (Lan. 3951).

Unless specifically prohibited, the legislature of a state has power to pass any or all laws. Dillon, Munic. Corp. Sec. 357.

This ordinance does not interfere with interstate commerce. *Woodruff* v. *Parham,* 75 U. S. (8 Wall.) 123 [19 L. Ed. 382]; *Leisy* v. *Hardin,* 135 U. S. 100 [10 Sup. Ct. Rep. 681; 34 L. Ed. 128]; *Ficklen* v. *Shelby Co. Tax. Dist.* 145 U. S. 1 [12 Sup. Ct. Rep. 810; 36 L. Ed. 601].

It does not discriminate against citizens of other states in favor of citizens of Ohio. *Brown* v. *Houston,* 114 U. S. 622 [5 Sup. Ct. Rep. 1091; 29 L. Ed. 257]; *Howe Mach. Co.* v. *Gage,* 100 U. S. 676 [25 L. Ed. 754]; *Emert* v. *Missouri,* 156 U. S. 296 [15 Sup. Ct. Rep. 367; 39

Uhrlaub v. Cincinnati.

L. Ed. 430] ; *Coldwater (City)* v. *Russell*, 49 Mich. 617 [14 N. W. Rep. 568; 43 Am. Rep. 478] ; *Leisy* v. *Hardin*, 135 U. S. 100 [10 Sup. Ct. Rep. 681; 34 L. Ed. 128].

The legislature of Ohio has authority to give to a municipality power to pass such an ordinance. *Baker* v. *City*, 11 Ohio St. 534; *Cincinnati* v. *Bryson*, 15 Ohio 625 [45 Am. Dec. 593] ; *Marmet* v. *State*, 45 Ohio St. 63 [12 N. E. Rep. 463].

It is a reasonable police regulation. *Raguet* v. *Ward*, 4 Ohio 107; *Thomas* v. *Mt. Vernon*, 9 Ohio 290; *Marmet* v. *State*, 45 Ohio St. 63 [12 N. E. Rep. 463] ; *Glaser* v. *Cincinnati*, 1 Dec. 398 (31 Bull. 243) ; *St. Louis* v. *Weber*, 44 Mo. 547; *Van Hook* v. *Selma (City)*, 70 Ala. 361 [45 Am. Rep. 85] ; Cooley, Const. Lim. Sec. 704; *People* v. *Warden of City Prison*, 144 N. Y. 529 [39 N. E. Rep. 686; 27 L. R. A. 718] ; *Singer* v. *State*, 72 Md. 464 [19 Atl. Rep. 1044; 8 L. R. A. 551] ; Dillon, Munic. Corp. Sec. 357.

The price exacted is largely a matter for the legislative body to determine. *Mirande, Ex parte*, 73 Cal. 365 [14 Pac. Rep. 888] ; *Wolf* v. *Lansing (City)*, 53 Mich. 367 [19 N. W. Rep. 38] ; *Guerrero, In re*, 69 Cal. 88 [10 Pac. Rep. 261] ; *McNally, Ex parte*, 73 Cal. 632 [15 Pac. Rep. 368] ; *Cincinnati* v. *Buckingham*, 10 Ohio 257.

## GIFFEN, J.

The ordinance involved in this case is unreasonable, unjust and practically prohibitive in fixing the fee for maintaining a temporary store at the sum of $300, regardless of the amount of goods offered for sale, and of the length of time the business is to be carried on. If the value of the goods is $300 or less, the collection of the prescribed license fee in effect confiscates the goods, and, if the licensee wishes to operate a store for one day only he is charged the same fee as one who desires to maintain it for the period of a week, a month, or a year.

The amount of goods on hand, and the success of the venture are both important factors in determining the length of time that the store would be kept open. A ready sale of all the goods might terminate the enterprise, or on the other hand, induce the proprietor to purchase other goods and continue it indefinitely. A merchant could rarely afford to pay the sum of $300 for the privilege of opening a temporary store, and hence this provision of the ordinance operates in restraint of trade. For these reasons we hold the ordinance to be invalid, and reverse the judgment of the common pleas court.

**Swing, J.,** concurs.